IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT DANTZLER, | ) |
| Plaintiff | ) |
| vs. | ) 2:05cv1727<br>) Electronic Filing |
| Secretary JEFFREY BEARD, Executive Secretary JOHN SHAFFER, WILLIAM STICKMAN, Regional Deputy Superintendent, JOHN DOE, Classification Officer, LANCE COUTERIER, Chief Psychologist, FRED MAUE, Chief Psychiatrist, JOSEPH FOLINO, Superintendent of SCI-Greene, KEN MILLER, Unit Manager, HARRY WILSON, Superintendent of SCI-Fayette, | ) Judge David S. Cercone/<br>) Magistrate Judge Amy Reynolds Hay |
| Defendants | ) |

## MEMORANDUM ORDER

AND NOW, this  12 day of December, 2006, after de novo review of the record and upon due consideration of the magistrate judge's report and recommendation filed on November 14, 2006, and defendant's objections thereto filed on November 24, 2006, IT IS ORDERED that Defendants' motion to dismiss be, and the same hereby is, granted in part and denied in part. It is granted with respect to Plaintiff's claims under the First, Fourth, Fifth and Sixth Amendments and as to all of Plaintiff's state law claims. It is denied as to his Eighth Amendment claims and his Fourteenth Amendment procedural due process claim and equal protection claim.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the parties desire to appeal from this Order they must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed.R.App.P.

Plaintiff's objections are without merit. First, plaintiff's status as being in administrative custody as compared to disciplinary custody has no bearing on the impact of Beard v. Banks, –

U.S. – , 126 S. Ct. 2572 (2006), on his First Amendment claim. To the extent that plaintiff rests his claims on the contention that he was denied certain property or privileges, such as access to photographs, non-religious newspapers, calendars, radio, etc., in the LTSU, the Defendants have a legitimate penological interest in not permitting him to have such privileges/ property. <u>Id.</u> (finding in a class action that the policy objective of limiting privileges in the LTSU in order to motivate better behavior on the part of particularly difficult prisoners satisfies the <u>Turner</u> standard). Finally, contrary to plaintiff's unfounded assertions, he was a class member who now is bound by the holding in <u>Banks</u>. Accordingly, any First Amendment claim founded on the idea that plaintiff was being improperly deprived of such material or privileges fails as a matter of law.

David Stewart Cercone
United States District Judge

cc:   Honorable Amy Reynolds Hay
United States Magistrate Judge

Albert Dantzler
DZ-4398
SCI Fayette
P.O. Box 9999
50 Overlook Drive
LaBelle, PA 15450

Mariah Passarelli, Esquire
Deputy Attorney General
Office of the Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219